## FIRST STATE BANK OF HUBBARD v. HUBBARD FARMERS' OIL & GIN CO. et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 15, 1913.)

1. RECEIVERS (§ 19*)—GROUNDS FOR APPOINTMENT—INSOLVENT CORPORATION.

Where, in an action against a corporation on a note and to foreclose the mortgage securing same, certain stockholders of the defendant corporation petitioned for a receiver, and alleged and proved not only that the corporation was insolvent and that they were stockholders, and that the interests of all creditors of the corporation could be best protected by a receiver, but also that they were creditors of the corporation, a receiver was properly appointed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 27; Dec. Dig. § 19.*]

2. RECEIVERS (§ 32*)—PETITION FOR APPOINTMENT—SUFFICIENCY.

Where certain creditors of the defendant corporation, who were also stockholders and

defendants in a suit to foreclose a mortgage against it, applied for a receiver, "and for any and all relief either in law or equity to which they may show themselves entitled," and their allegations and proof were sufficient, a receiver should have been appointed, though they did not specifically ask judgment on their claim.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 45–50, 64; Dec. Dig. § 32.*]

Appeal from District Court, Hill County; O. L. Lockett, Judge.

Action by the First State Bank of Hubbard against the Hubbard Farmers' Oil & Gin Company and others. From judgment for defendants, plaintiff appeals. Affirmed.

Wear & Frazier, of Hillsboro, for appellant. H. C. Bishop, of Hubbard, and Collins & Cummings, of Hillsboro, for appellees.

TALBOT, J. On July 7, 1913, appellant filed its petition in the district court of Hill county, Tex., to the September term thereof, to recover on a note for $10,025, dated September 11, 1912, due on demand, with interest at the rate of 10 per cent. from maturity and 10 per cent. additional for attorney's fees; also to recover the sum of $7,604.10 due upon overdrafts, and to foreclose the mortgage lien executed by the defendant Hubbard Farmers' Oil & Gin Company, to secure the payment of said several sums upon the real estate described in plaintiff's petition. The appellees W. C. Horn, Eb Johnson, J. A. Madera, Percy Wood, W. E. Berry, and Will Bankston were also made parties defendant; it being alleged that they, by the terms of a written obligation which they had signed and which is set out in plaintiff's petition, had agreed and bound themselves to pay or to become personally responsible for the indebtedness due the plaintiff by the Hubbard Farmers' Oil & Gin Company. On July 17, 1913, the appellees W. C. Horn, Eb Johnson, J. A. Madera, Percy Wood, W. E. Berry, and Will Bankston filed their original answer, in which, among other things, they alleged that they were stockholders in the Hubbard Farmers' Oil & Gin Company, a corporation, and that such corporation was not only indebted to the appellant, but was indebted to divers and sundry other persons in large amounts in excess of the assets owned and held by said corporation, and that said corporation was in imminent danger of insolvency and was in fact insolvent (said answer giving a list of the indebtedness due, aggregating a total of $34,129.10); that, of the total amount of said indebtedness, $5,000 was due W. C. Horn, Eb Johnson, W. E. Berry, and Percy Wood, and $2,500 due W. E. Berry, Bob Pritty, G. F. Houx, and Will Bankston; and that $9,000 was due Eb Johnson and Bob Pritty, evidenced by promissory notes and secured by a mortgage on the property of said Hubbard Farmers' Oil & Gin Company, said mortgage being an inferior lien to the lien held and sought to be foreclosed by appellant. Said defendants

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

further alleged that the value of the property of said Hubbard Farmers' Oil & Gin Company was about $25,000, and that, unless a receiver should be appointed, the assets of said corporation would be dissipated, and the creditors of said corporation caused to suffer serious and irreparable injury; that the property of said oil and gin company consisted of oil mill property; that said company did not have funds with which to operate the same, and the oil mill plant and machinery was standing idle, because of said fact; that the season for the operation of oil mills was near at hand; and that, unless a receiver should be appointed, the appellees, as well as the defendant corporation, would suffer serious and irreparable loss. Said answer also alleged that the oil mill business, when properly conducted, in the town of Hubbard City, was a profitable business, and that, if the court should direct the operation of the same under a competent man, large sums of money could and would be realized as profits sufficient to discharge the indebtedness due appellant as well as other indebtedness due by said corporation, and that the value of the oil mill property would be greatly enhanced, if put into operation during the approaching season and pending the determination of this litigation. The answer also alleged that the defendant Eb Johnson and Bob Pritty are interested in said oil mill property, not only by reason of being stockholders in said corporation, but are the owners and holders of a valid and subsisting lien against said property, and they allege that, if said property should be placed in the hands of a receiver and properly operated and managed, the profits arising from said business will be sufficient to pay the plaintiff's debt and to satisfy the lien owned and held by them against said property. The prayer of said answer was for the appointment of a receiver and for any and all relief, either in law or in equity, to which they may show themselves entitled. On July 25, 1913, appellant filed a supplemental petition, contesting the right of the said appellees to the appointment of a receiver. On August 8, 1913, Hon. O. L. Lockett, district judge, appointed O. O. Condor receiver to take charge of all the property of the oil mill, with authority to run and operate the mill "during the litigation in this case," fixing his bond at $12,000. On August 10, 1913, appellant filed a motion to vacate and set aside the order of the court appointing the receiver, which, on August 12, 1913, was overruled and appellant excepted and gave notice of appeal. On August 22, 1913, appellant filed an appeal bond and now has the case before this court.

The transcript shows that appellant filed two assignments of error, both of which raise practically the same question, and in their brief counsel for appellant present the second and contend that the court erred in appointing a receiver to take charge of and to operate the mill in question, because: (1) The indebtedness due the plaintiff by the defendant Hubbard Farmers' Oil & Gin Company, and the lien given to secure the same not being questioned, and it not appearing that the plaintiff was in any manner derelict, and the parties making application for a receiver being stockholders and not seeking to establish any debt and asking no relief of any kind except the appointment of a receiver, the appointment should not have been made; (2) the applicants being stockholders in the defendant Hubbard Farmers' Oil & Gin Company, seeking no relief except the appointment of a receiver, and the appointment of a receiver being only an ancillary remedy, the appointment should not have been made; (3) the applicants being stockholders in the defendant Hubbard Farmers' Oil & Gin Company, and asking for the establishment of no debt against said company and seeking no relief as against said company, it is manifest that they are acting in the premises for and as agents of the defendant company, and it is improper to appoint a receiver at the instance of the defendant corporation; (4) it not being shown that by the appointment of a receiver it was possible or probable to raise the money to operate the machinery during the season of 1913–14, it was improper to take from the appellant the property upon which it had been given a lien and thus delay it in the collection of its debt; (5) to authorize the appointment of a receiver the petition must not only show well-grounded apprehension of immediate injury to the petitioner, but that he will also probably recover. In view of the record sent to this court, we do not believe the contentions of appellant should be sustained.

[1] In the order appointing the receiver the court made the following findings of fact, which were warranted by the evidence adduced, namely:

"1. The indebtedness of the oil and gin mill company is about $35,000, and the assets of the mill company is $24,000. Practically all of the indebtedness is past due, and there is no money on hand or accessible to meet the obligations of the oil mill, and therefore the oil mill is found to be insolvent.

"2. The court further finds that the defendants W. C. Horn, Eb Johnson, J. A. Madera, Percy Wood, W. E. Berry, and Will Bankston are all directors of the said oil mill company and have also signed a written obligation guaranteeing the indebtedness of said oil mill to the plaintiff in this case. And that the defendant Eb Johnson and Bob Pritty are creditors of said oil mill in the sum of $9,000, and have a second mortgage on the mill property in controversy, and that said guarantors are liable to said state bank for the indebtedness of the said oil mill company in the sum of $————.

"2½. The court finds from the evidence

that this mill will be shut down and not operated unless a receiver is appointed, and, if the property should be sold while it is not being operated, it will bring from one-fourth to one-third less than its value.

"3. That the indebtedness due the plaintiff in this case amounts to about $18,000, and the indebtedness on which the said defendants are liable as guarantors amounts to about $———. The second mortgage amounts to the sum of $9,000.

"4. The court finds from the undisputed evidence in the case that the present management of said oil mill has no money and can obtain none with which to operate said mill during the present season and during the litigation in this case, and if a receiver is not appointed the mill will be shut down and not run during this present cotton season.

"5. The court further finds from the evidence that, if the proper receiver is appointed, he can and will secure the necessary funds to operate said oil mill during the litigation, and the evidence further shows that if a proper manager is appointed that the mill can be run at a profit."

Upon these conclusions of fact the court expresses the opinion that it was his duty to appoint a receiver to take charge of the oil company's properties and to run and operate its mill pending the litigation in this case, and in this opinion we concur. The pleadings of the appellees alleged that the Hubbard Farmers' Oil & Gin Company, a corporation, was insolvent; that they were stockholders and interested in the property of said corporation as creditors; that appellee Eb Johnson and Bob Pritty as stockholders were creditors of said oil and gin company in the sum of $9,000 and held a second mortgage lien on the mill property in controversy to secure the payment of said indebtedness; and that serious and irreparable injury would result to them unless said property was placed in the hands of a receiver. The truth of these allegations is affirmed by the court's findings, and the findings are supported by the evidence. The court finds, as shown above, that, according to the undisputed evidence, the present management of the mill has no money and can obtain none with which to operate it during the litigation brought about by the institution of appellant's suit, and that if a receiver is not appointed the mill will be shut down and not run during the present cotton season; that if the proper receiver is appointed he can and will secure the necessary funds to operate the mill, and that under proper management the mill can be run at a profit. The debt of Johnson and Pritty is alleged, the lien on the property of the oil and gin company is alleged, and appellees pray for relief. These allegations and conclusions of fact of the court, which are supported by the evidence, clearly distinguishes, in our opinion, the present case from the cases cited by appellant in support of his claim for a reversal.

It may be conceded that, if the applicant for the appointment of a receiver shows no cause of action, no right exists to have the appointment made, and that mere insolvency of a corporation or imminent danger of insolvency is not a cause of action which will, under our statute, entitle a stockholder, simply as such, to have a receiver appointed; but appellee Johnson, who, in conjunction with the other appellees, sought the appointment of a receiver in this case, shows himself and Bob Pritty to be not only stockholders of the Hubbard Farmers' Oil & Gin Company, but lien creditors thereof, and that unless a receiver is appointed to take charge of and to operate its mill they, as such creditors, will be seriously and irreparably injured. The right therefore to have a receiver appointed in this case is not predicated upon the sole ground that appellees are stockholders of the defendant company and that said company is insolvent, or in imminent danger of insolvency, but in addition thereto, upon the ground that they have a cause of action against the corporation independent of the receivership.

[2] Appellees do not, as claimed by appellant, specifically ask judgment on their alleged claim; but we do not regard this as controlling a decision of the question. They do set up that they are creditors, as well as stockholders, and allege the debt and lien of Eb Johnson and Bob Pritty, and pray for the appointment of a receiver, "and for any and all relief, either in law or equity, to which they may show themselves entitled." It cannot be successfully contended that under the pleadings and prayer for relief these appellees would not be allowed to establish in the receivership proceedings their debt and the lien of Johnson and Pritty and recover thereon if the facts they allege are true.

Believing the appointment of a receiver under the pleadings and proof and statute and decisions of this state was authorized and proper, the judgment of the court below is affirmed.